UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MALIK LEWIS, COURTNEY JACKSON
JESSICA SMYTHE

                                    Plaintiffs,                          **COMPLAINT**

                -against-                                                _____

THE CITY OF NEW YORK, and                                   Jury Trial Demand
DETECTIVE EDWIN A. MONTANEZ,
SHEILD # 5149
LT DETECTIVE JAVIER RODRIGUEZ,
SGT. STEVEN FRANZEL, Tax #945733,
SGT. NICHOLAS G. BEKAS, SHEILD #3037,
AND OTHER UNIDENTIFIED POLICE OFFICERS,
UNIDENTIFIED DETECTIVES AND
JOHN AND JANE DOES 1-8,

                                    Defendants
-------------------------------------------------------------X

        Plaintiffs MALIK LEWIS, COURTNEY JACKSON and JESSICA SMYTHE, by their

attorney Edward Zaloba, Esq., complaining of the defendants, alleges as follows:

                        ## PRELIMINARY STATEMENT

        1.      This is a civil rights action in which the plaintiffs seek relief for the

defendants; violation and deprivation, under the color of State law of plaintiffs' rights

secured by the Fourth and Fourteenth Amendments of the New York and United

States constitutions and under common law and is being brought pursuant to 42 USC

§1983.

        2.      Plaintiffs seek damages, both compensatory and punitive, affirmative

and equitable relief, an award of costs, interest and attorneys' fees, and such other

and further relief as this Court deems just and equitable.

## JURISDICTION

3.     Jurisdiction is based upon and conferred to this Court by 42 U.S.C. §1983, and 28 U.S.C. §§1331 and 1343(3) and (4).  Plaintiffs further invoke this Court's pendent jurisdiction pursuant to 28 U.S.C. §1367(a) with respect to any and all State law claims and against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## DEMAND FOR JURY TRIAL

4.   Plaintiff respectfully demands a trial by Jury of all issues that are triable in this matter pursuant to Fed R. Civ. P. 38(b).

## PARTIES

5.     Plaintiffs, MALIK LEWIS, COURTNEY JACKSON and JESSICA SMYTHE are citizens of the United States, and at all relevant times, are residents of the City and State of New York.

6.     Defendant, The City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.     Defendant, The City of New York maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

8.     That at all times hereinafter mentioned, the individually named defendants, Police Officer Detective EDWIN MONTANEZ, Lieutenant Detective JAVIER RODRIGUEZ,

Sergeant STEVEN FRANZEL, Sergeant NICHOLAS G. BEKAS and other unidentified New York City Police Officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties and under the color of state law.

9.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York.

10.      Each and all of the acts of the defendants and other unidentified New York City police officers alleged herein were done by said defendants while acting within the scope of and in furtherance of their employment by defendant The City of New York.

11.      All defendant officers are being sued in both their individual and official capacities.

## NOTICE OF CLAIM

12.      That on December 14, 2023, Notice of Claims were served upon the Comptroller of the CITY OF NEW YORK on behalf of the plaintiffs.   All 50H hearings were conducted.

13.      That more than thirty (30) days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustments or payment thereof.

14.      That this action is commenced within one year and ninety days after the causes of action arose and other caused of action within three (3) years when said action arose.

## STATEMENT OF FACTS

15.      That on or about September 20, 2023, at approximately 4:40 am, all plaintiffs

were sleeping in their rooms inside of the premises located at 208-08 100th Avenue in Queens.

16.    At the above date and time, plaintiff JESSICA SMYTHE was sleeping in her locked room on the second floor at said multiple dwelling.

17.    At the above date and time, plaintiffs MALIK LEWIS and COURTNEY JACKSON, who are husband and wife and son were sleeping in their locked room on the second floor of said dwelling.

18.    Plaintiffs LEWIS and JACKSON paid their rent each week and had lived there for 3-4 years.

19.    Plaintiff SMYTHE paid her rent each week and had lived there for 9 months.

20.    Plaintiff SMYTHE, whose room unit was on the second floor, was awoken by officers who knocked her locked door down and confronted plaintiff with guns pointed at her.

21.    Plaintiffs husband and wife MALIK LEWIS and COURTNEY JACKSON with their 10 year old son were awoken by police breaking in their door, - plaintiff LEWIS approached the officers and conversed with said officers demanding to see a warrant, he provided his name and an officer told him he wasn't on the list; he was removed to the downstairs.

22.    Plaintiff COURTNEY JACKSON stayed in the bed with her child and inquired don't you know there's a child in here.  She was eventually taken downstairs with her son.

23.    There was another person seized and arrested who lived in the attic 3rd floor – no contraband was found on her person or in her room.

24.    A defendant, ANCIL HAZELWOOD, who resided on the 1st floor room had a small quantity of psilocybin mushrooms and 9mm magazine found in his room.  At or about the time of the arrest the defendant confessed that these items found in his room were his.

25.    All plaintiffs were removed from their rooms and taken downstairs in the house.

26. All plaintiffs had their rooms searched and no contraband whatsoever was found.

27. In all common areas as well as all the plaintiffs' rooms, there was no contraband found.

28. There was no drug paraphernalia found in either the plaintiffs' rooms nor in the common areas.

29. Plaintiff COURTNEY JACKSON was taken downstairs with her son where her son was released to a local family member.

30. Plaintiffs were not familiar with the other occupants at said dwelling. All plaintiffs had never observed anything being sold from said premises.

31. Plaintiffs only shared the bathroom with the others who were arrested. Plaintiffs rarely used the kitchen.

32. All guns that were seized were located in the basement along with 8oz of heroin and a scale.

33. The basement door could not be opened from inside the dwelling as it was locked by a bolt and key lock and bolt from the inside. The basement had a separate outside entrance which was locked.

34. The plaintiffs had no access to the basement and no keys for same.

35. Plaintiffs never saw anyone enter the basement.

36. Eight (8) ounces of cocaine was seized in a locked room on the second floor. The police broke the door down.

37. The plaintiffs never saw the door opened to this room.

38. The plaintiffs had neither access to said room nor keys for said room.

39. The plaintiffs never observed anyone enter the said room where the drugs were found.

40.     Plaintiffs had no right to enter second floor room where drugs were seized.

41.     Plaintiffs had no right to enter the basement.

42.     If any of the plaintiffs entered the location where said contraband was found, they could have been prosecuted for burglary and/or criminal trespass.

43.     All plaintiffs after being taken downstairs were cuffed, searched and arrested by defendant police officers employed by defendant City of New York within the scope of these employment as police officers.

44.     Defendants were very well aware of the identity of the person(s) who actually possessed, controlled and owned the contraband recovered in the execution of the search warrant at the premises based upon information provided by a confidential informant that the defendant and the New York City Police Department deemed reliable and provided such information to the Court in an affidavit in support of the warrant.

45.     At the time the defendants arrested the plaintiffs, the defendants knew that the plaintiffs were not mentioned in their prior investigation; and obviously that they were neither the target nor subject of said investigation and warrant.

46.     At the time defendants arrested the plaintiffs they knew that there was no contraband and/or drug paraphernalia found in each of the plaintiffs' rooms.

47.     At the time of arrest the defendants knew full well plaintiffs did not exercise actual or constructive possession of any of the contraband alleged.

48.     The defendant officers told the plaintiffs that they knew the contraband belongs to the guy in the basement.  They inferred that they knew him well.  That this was where he stashed his contraband.

49.     It was obvious to defendant officers who entered the dwelling that each plaintiff

lived solely within their room within the premises and utilized the bathroom and kitchen.

50.     That defendants prior to the arrest of the plaintiffs knew they had seized significant quantities of both heroin and cocaine and four (4) loaded weapons as well as cash and scales however, they were well aware that their target, the subject was not present and had eluded them.

51.     That at the time defendants arrested the plaintiffs for aforementioned contraband, the defendants knew that plaintiffs were wholly innocent of such crimes and that they did not have probable or reasonable cause to arrest, accuse or charge plaintiffs with such crimes.

52.     Defendant officers had failed to capture the person they knew to be the owner of said contraband but they had seized guns and drugs as part of their major investigation.  A major operation which produced no arrests and just contraband was unacceptable.

53.     That the defendant officers knew they had failed to both monitor and place the premises under surveillance prior to the executing the warrant.  This inexcusable failure placed the entire investigation in jeopardy and enabled the target and subject to escape.

54.     That the defendant officers agreed and conspired to charge the plaintiffs with possession of said contraband so that the execution of the warrant would appear to be fruitful and the defendants would be credited with arrests.

55.     Despite the fact that defendants knew full well plaintiffs did not exercise actual or constructive possession of any of the contraband alleged or even had knowledge of the existence of the said items, the defendants wickedly charged each plaintiff with A-1 drug felonies PL §220.21 and other drug related offenses some including intent to sell PL§220.16(1).  Furthermore, they also charged the plaintiffs with numerous felony weapons charges PL §265.02 and endangering the welfare of a child PL §260.10.

56.   That defendants and their supervisors knew the specific person (subject) that was known to deal with firearms and narcotics.

57.   That defendants knew at the time of their arrest that the plaintiffs were all employed, except JACKSON who had just left her employment a few months prior.

58.   That the defendants in arresting and charging plaintiffs for the crimes of which they were accused acted in accordance with and pursuant to custom, policy and practice of the New York City Police Department of arresting and charging all persons present upon the premises whenever it executes a search warrant and contraband is found, despite the fact that they have no evidence, information or nexus between he persons arrested and the contraband found.

59.   Some of the Defendants informed the plaintiffs that they knew who possessed said contraband and in fact knew his every move.

60.   The defendants knew that such charges were false but nevertheless submitted these fabricated criminal court complaints and police reports to the Queens County District Attorney's Office for the sole purpose of prosecuting plaintiffs for crimes which defendants knew full well that plaintiffs did not commit.

61.   All plaintiffs and others were transported to a local precinct, hours later they were all transported to Queens Central Booking where they were detained for numerous hours in a number of cells.

62.   The plaintiffs were arraigned in Queens Criminal Court and were placed under supervised release requiring plaintiffs to report to the Supervised Release Program office on numerous appearances over the course of a number of months.

63.   Plaintiff MALIK LEWIS had remained incarcerated for 3 days due to a warrant on

a VTL violation matter in another county. Plaintiff SMYTHE and JACKSON were incarcerated for approximately 1 day.

64. Plaintiffs LEWIS and JACKSON had Child Protective Services intervene as a result of their son's presence and the charges of endangering the welfare of a child. Both were required to take drug tests prior to seeing their son. Shortly thereafter, both tested negative. When they arrived back at the premises location – all their personal belongings had been thrown out – including all their clothes for both plaintiffs and their son as well as electronical appliances and other personal effects.

65. Plaintiff SMYTHE's matter was dismissed and sealed on November 29, 2023 and plaintiffs' LEWIS and JACKSON'S matter were dismissed and sealed on December 13, 2023.

66. The Defendants, named and unnamed, caused the plaintiffs names and pictures to appear on numerous local tv stations, Channel 7, et al and various newspapers all alleging that they were in possession of said drugs and guns. Some of these broadcasts occurred well before the plaintiffs' arraignment.

67. The plaintiffs were caused to suffer embarrassment, scorn and injury to reputation. Plaintiffs LEWIS and SMYTHE were caused to lose their employment.

68. As a result of the defendants' falsification of charges and facts plaintiffs were prosecuted and subject to criminal proceeding together with all its stigma, burdens, and inconvenience until and after each matter was dismissed.

69. The defendants and all their supervisors caused news conferences to occur where they made statement which were untrue about plaintiffs and exhibited a reckless disregard for the truth.

70. That as a result of all the foregoing, the plaintiffs suffered loss of freedom,

mental and emotional distress, physical discomfort, shame, embarrassment, humiliation, economic and psychological scarring as well as other damages.

### FIRST CLAIM
### (False Arrest – 42 U.S.C. § 1983)

71.　Plaintiffs repeat, realleges each and every allegation set forth in the previous paragraphs as though fully set forth at length herein.

72.　That the defendants DETECTIVE MONTANEZ, Lieutenant Detective JAVIER RODRIGUEZ, Sergeant STEVEN FRANZEL, Sergeant NICHOLAS G. BEKAS and other unidentified officers herein, all employed by defendant CITY OF NEW YORK acting under color of state law and without probable cause, justification, or privilege, subjected plaintiffs to arrest despite not having a reasonable cause to believe plaintiffs had committed any crime.

73.　That the defendants arrest of plaintiffs was intentional and subjected plaintiffs to confinement. Plaintiffs were conscious of confinement, did not consent to the confinement, and the confinement was not otherwise privileged.

74.　By reason of the aforesaid false arrest and imprisonment, caused willfully and malicious by defendants, their agents, servants and employees, plaintiffs were wrongfully deprived of their rights, privileges and benefits provided to them under the constitution of the United States constitution including the Fourth and Fourteenth Amendments, plaintiffs were caused to be subjected to great discomfort, loss of liberty, significant indignities, scorn, humiliation, mental and emotional distress and prevented from attending to their usual activities.

75.　That the defendants committed the foregoing acts willfully, maliciously, and in utter disregard of plaintiffs' rights and are therefore liable to plaintiffs for compensatory and punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### Against all defendants
(Conspiracy – 42 U.S.C. §1983)

76.     Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

77.     By the conduct and actions described above, defendants, while acting individually under the color of state law, acting jointly and severely, conspired together and maliciously and willfully entered into a scheme to deprived Plaintiffs of their rights, liberty and well being and to commit the above alleged unlawful acts.

78.     The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiffs and that by virtue of the aforementioned acts, Plaintiffs were deprived of their rights, privileges and immunities secured by the Constitution of the United States of America, inter alia , Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights.

79.     By the actions described above, defendants jointly and severally, acting in their individual capacities and under color of state law, entered into an agreement to act in concert to inflict an unconstitutional injury and took overt actions to further that goal.

80.     In so doing, defendants were motivated by an independent personal stake, including covering up defendants' illegal actions, recklessness, negligence and retributions.

81.     That as a result of the foregoing, Plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of liberty, a loss of enjoyment of life, and suffered economic loss and other damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Fabrication of Evidence)

82.     Plaintiffs repeat, re-allege each and every allegation set forth above as though

fully set forth at length herein, and further alleges:

83.     The individual defendants created false evidence against plaintiffs and forwarded such false evidence to the District Attorney's office. In creating such false evidence, the defendants violated plaintiffs' constitutional rights to due process.

84.     The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 USC §1983 and the Fifth and Fourteenth Amendments to the United States.

85.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages alleged.

86.     By the conduct and actions described above, defendants, while acting individually under the color of state law, acting jointly and severely, conspired together and maliciously and willfully entered into a scheme to deprive plaintiffs of their rights, liberty and well-being and to commit the above alleged unlawful acts.

87.     The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and that by virtue of the aforementioned acts, plaintiffs were deprived of their rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiffs' Fourth, Fifty and Fourteenth Amendment rights.

88.     By the actions described above, defendants jointly and severally, acting in their individual capacities and under color of state law, entered into an agreement to act in concert to inflict and unconstitutional injury, and took overt action to further that goal.

89.     In so doing, defendants were motivated by an independent personal stake, including covering up defendants' illegal actions, recklessness and retribution.

90.     That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of liberty, a loss of enjoyment of life, and suffered

economic loss and other damages.

91.    That defendants are sued in their individual capacities.

## AS AND FOR A FIFTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFFS'S RIGHTS PURSUANT TO
## 42 USC §1983 AND THE FOURTH AMENDMENT VIA
## MALICIOUS PROSECTUION

92.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

93.    That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment by the defendant.

94.    That said malicious prosecution was initiated by the defendants and their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiffs, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiffs' rights.  The malicious prosecution ceased when the matters were dismissed and sealed on November 25, 2019 and December 13, 2023.

95.    That defendant officers and other unidentified officers swore falsely as to the alleged criminal actions attributed to plaintiffs and caused their malicious prosecution to be commenced and continued.

96.    That the defendants mentioned herein and other unidentified officers misrepresented and falsified evidence before the District Attorney.

97.    That the defendants did not make a complete and accurate statement of facts to the prosecutor.

98.    That defendants withheld exculpatory evidence from the District Attorney.

99.    That the defendants lacked probable cause to initiate criminal proceedings

against the plaintiffs.

100.    That the defendants acted with malice to initiate criminal proceedings against the plaintiffs.

101.    That the defendants were directly and actively involved in the construction of the criminal proceeding against the plaintiffs.

102.    Notwithstanding the prejudice and fraudulent conduct of the defendants, the criminal proceeding were terminated in plaintiffs' favor and all charges against them were dismissed.

103.    That the plaintiffs were wholly innocent of all charges.

104.    That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiffs are liable to the plaintiffs via their failure to exercise his affirmative duty to intervene.

105.    That as a result of the above conduct, the defendants' malicious prosecution caused plaintiffs' their loss of liberty, forced to attend supervised release and other emotional injuries and that the plaintiffs were otherwise harmed and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS:
### FAILURE TO INTERVENE UNDER 42 U.S.C. 1983

106.    Plaintiffs repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

107.    Each and every individual defendant officer who observed the unlawful conduct and had an opportunity to intervene violated Plaintiffs' rights under 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments by failing to uphold their duty to intervene and prevent such conduct.

108.    The individual defendant officers failed to intervene on plaintiffs' behalf to prevent the violation of his constitutional rights despite having a realistic opportunity to do so.

109.    As a result of the aforementioned conduct of the individual defendants, plaintiffs' constitutional rights were violated and they were subjected to battery and other violations of their constitutional rights.

## SEVENTH CAUSE OF ACTION
Municipality Liability – 42 U.S.C. §1983

110.    Plaintiffs repeat, realleges each and every allegation set forth in the previous paragraphs as though fully set forth at length herein.

111.    That at all times material to this complaint, defendant CITY OF NEW YORK through its Police Department (New York City Police Department) had in effect de fact policies, practices, customs and usages which were a direct and proximate cause of deprivation of plaintiffs' constitutional rights by defendant and other members of the New York City Police Department.

112.    That defendant CITY OF NEW YORK for many years have maintained a de facts policy, custom practice and usage of arresting all persons present in premises where a search warrant is executed and illegal contraband is found, despite the fact that there is no evidence that all those persons possessed the illegal items and having information that a particular person actually owned and possess them.

113    That this longstanding practice of arresting persons who the police know are innocent merely because they are present at the premises when the search warrant was executed constitutes a gross violation of such persons, including plaintiffs' Fourth Amendment Constitutional Rights.

114.    The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, including but not limited to arresting persons without probable cause, providing false information to prosecutors,

falsifying police reports and testifying falsely under oath.

115. The Defendant CITY OF NEW YORK, failed to effectively screen hire, train, supervise, and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

116. The existence of each de facto policies and/or well settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the CITY OF NEW YORK for a substantial period of time.

117. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and police making officers and officials of the Police Department and the CITY OF NEW YORK have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifferences to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

118. Defendant NYC as well as unidentified police officers  who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problems of violations of the constitutional  rights of citizens by seizing persons without probably cause, falsely arresting persons, falsifying official records etc., and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequence for

their illegal acts which did cause the plaintiffs to be subjected to deprivations of their civil rights.

119.    That the defendant municipality, NYC, alerted to the existence of a significant number of false arrests by its police officers, by repeated complaints of false arrest, exhibited deliberate indifference there too in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite of repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

120.    That the defendant municipality has also been alerted to the use of malicious prosecution brought by its employee officers to cover up the false arrests and unlawful seizures by its police officers, and that they culture of bringing such false charges and malicious prosecuting victims of NYPD false arrest has been allowed to exist without representations to the officers who engage in such behavior.

121.    Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well settled and widespread custom and practice off the City of New York which is implemented by police officers offset city.  When officers demand a confession from a suspect and if not provided officers arrest innocent persons to coerce and punish not only the suspect but moreso, innocent family members – all without probable cause thereto.  Where the upward mobility of the officers within ranks is accomplished by the sheer number of arrests.  This conduct is open and notorious and frequently implemented in both weapons and drug arrests and prosecutions.  This is well established practice and custom of the defendant NYC Police Department which has been the subject of a voluminous number of civil rights actions.

122.    The existence of such de facto policies and/or well settled and widespread customs and practices have been known to supervisory and policy making officers and officials of the Police Department of the City of New York for a substantial period.

123.    Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment by police officers are brought and "settled" by the defendant NEW YORK CITY.  Each year, the defendant, NEW YORK CITY spends millions of dollars to settle and/or satisfy said action.

124.    The defendant City has rather than correct and rectify these unconstitutional abuses by its police force it would rather permit said abuse is to continue as a "cost of doing business".  Defendant City has made a conscious -ill-advised decision to allow the status quo to continue and allow the police to police themselves, thereby resulting in multitudes of civil rights violations and abuses.

125.    Upon information and belief, and without limiting the foregoing, the CITY OF NEW YORK has specifically failed to terminate said practices in the following manner:

(a)      Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

(b)      Has failed to properly train, instruct, and discipline police officers with regard to falsifying police reports and providing misleading information to prosecutors;

(c)      Has failed to properly train, instruct, and discipline police officers with regard to testifying falsely under oath;

(d)      Has failed to properly train, instruct, and discipline police officers with regard to proper review of evidence and status reports on said cases;

(e)      Has failed to properly train, instruct, and discipline police officers that

arresting innocent family members or persons without probable cause is improper police procedure as well as a violation of constitutional rights;

(f)     Has permitted police officers to maintain the "blue wall of silence" and to coerce and fail to report the misconduct of other police officers;

(g)     Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officers conduct and to prevent any objective review of the officer's conduct.

(h)     Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline;

(i)     Has failed to properly structure the Police Department to review and discipline the existence of unlawful conspiracy by defendant officers.

126.   Defendant CITY OF NEW YORK is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the state of New York and the United States.

127.   The knowing and repeated failure of the defendants CITY OF NEW YORK in their execution of search warrant and the existence of probable cause actually caused the injuries the plaintiffs alleged herein.  The City's failure to address this age-old custom is the moving force behind the violation of plaintiffs' federally protected rights.

128.   Upon information and belief, defendant, CITY OF NEW YORK, knew or should have known that the acts alleged herein would deprive plaintiffs of their rights without due

process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendment to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitations, such rights as plaintiffs' rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievance, right to due process and the right to equal protection of the laws.

129. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK, has permitted and allowed the employment and retention of individuals as police officers, servants and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### STATE CLAIM – DEFAMATION

130. Plaintiffs repeat, realleges each and every defamation allegation set forth in the previous paragraphs as though fully set forth at length herein.

131. Defendant MONTANEZ, Lieutenant Detective JAVIER RODRIGUEZ, Sergeant STEVEN FRANZEL, Sergeant NICHOLAS G. BEKAS and other named and unidentified officers intentionally contrived to injure plaintiffs in their good name and reputation, to injure them in their employment, and to hold them up to scorn, ridicule, and contempt in making a false and defamatory statements that would be published, distributed and circulated by publication in the newspaper and on news broadcast on major channels in the metro area.

132. By reason of publications and news broadcast caused by said defendants, statements and its wide circulation by the news media, plaintiffs have been injured in their good name, fame, credit and reputation, both as an individual and in their employment, and has been injured in their feeling, mind and body and have been held up to ridicule and

contempt by their friends, employer, acquaintances and the public, and have been shunned and avoided by their friends and acquaintances and have suffered general and compensatory damages.

133.    The statements made by defendants to the news media reporter were made with malice and/or reckless disregard of the truth.

134.    The statements made by defendants to their supervisors and thereby to news personnel is libel per se.

135.    As a result of the defamation of their character, plaintiffs, LEWIS and SMYTHE, have lost their employment and been damaged.

## AS AND FOR A NINTH CAUSE OF ACTION
## STATE CLAIM -MALICIOUS PROSECUTION

136.    Plaintiffs repeat, realleges each and every allegation set forth in the previous paragraphs as though fully set forth at length herein.

137.    That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment by the defendant.

138.    That said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiffs, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiffs' rights.

139.    That defendants and other unidentified officers swore falsely as to the alleged criminal actions attributed to plaintiffs and caused the malicious prosecution to be commenced and continued.

140. That the defendants mentioned herein and other unidentified officers misrepresented and falsified evidence before the District Attorney.

141. That the defendants did not make a complete and accurate statement of facts to the prosecutor.

142. That the defendants withheld exculpatory evidence form the District Attorney.

143. That the defendants lack of probable cause to initiate criminal proceedings against the plaintiffs.

144. That defendants acted with malice to initiate criminal proceedings against the plaintiffs.

145. That the defendants were directly and actively involved in the construction of the criminal proceeding against the plaintiff.

146. That the defendants acted with malice in their continuation of said false charges.

147. That defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

148. Notwithstanding the prejudice and fraudulent conduct of the defendants, the criminal proceeding was terminated in plaintiffs' favor where all charges against them were dismissed.

149. That the plaintiffs were wholly innocent of all charges.

150. That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiffs are liable to the plaintiffs via their failure to exercise their affirmative duty to intervene.

151. That as a result of the above conduct, the defendants' malicious prosecution caused plaintiffs' their loss of liberty and other emotional injuries and that the plaintiffs were

otherwise harmed and injured.

### AS AND FOR A  TENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### STATE CLAIM- FALSE ARREST

152.    Plaintiffs repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

153.    By the actions described above, the defendants, falsely seized and arrested plaintiffs, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.    The defendants intended to confine plaintiffs, plaintiffs were aware of their confinement and did not consent to said confinement.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated plaintiffs' statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York.

154.    As a result of the foregoing, plaintiffs were deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### STATE CLAIM – FALSE IMPRISONMENT

155.    Plaintiffs repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

156.    As a result of the foregoing, plaintiffs were falsely imprisoned by the defendants, their liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

157.     Plaintiffs were conscious of said confinement and did not consent to same.

158.    The confinement of plaintiffs were without probable cause and was not otherwise privileged.

159.    As a result of the foregoing, plaintiffs were deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and were otherwise

harmed, damaged and injured.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### STATE CLAIM -BATTERY

160.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

161.    By the actions described above, defendants' officers while in the scope of their employment, maliciously, willfully and intentionally committed battery upon the plaintiffs with apparent ability and objective to cause imminent harm and offensive bodily harm and subjected plaintiffs to physical injury and harm, embarrassment and humiliation. The defendants' intentional willfully and maliciously battered plaintiffs, when they in a hostile manner struck plaintiffs without their consent and with the intentions of causing harmful and/or offensive bodily contact to the plaintiffs and caused such battery. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated plaintiffs' statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York.

162.    Defendant police officers did so without privilege or consent from plaintiffs.

163.    As a result of the foregoing, plaintiffs sustained great emotional injuries, were subject to great humiliation, physically harmed and were otherwise harmed, damaged and injured

## THIRTEENTH CAUSE OF ACTION
### STATE CLAIM- FAILURE TO INTERVENE

164.    Plaintiffs repeat, realleges each and every allegation set forth in the previous paragraphs as though fully set forth at length herein.

165.    Each and every individual defendant officer and unidentified officers had an

affirmative duty to intervene on plaintiffs' behalf to prevent the violation of their constitutional rights.

166.    The individual defendant officers and unidentified officers failed to intervene on plaintiffs' behalf to prevent the violation of their constitutional rights despite having a realistic opportunity to do so. Defendants saw the violation of Plaintiffs' constitutional rights. Defendants had an opportunity to step in and prevent the further violation of plaintiffs' constitutional rights.  Despite being aware of the rights being violated and the opportunity to intervene to prevent that violation, defendant A) failed to stop defendant, and B) from continuing said violation. As such, defendants are a liability for failure to intervene.

167.    As a result of the aforementioned conduct of the individual defendants, plaintiffs' constitutional rights were violated and they were subjected to use of excessive force and other violations of their constitutional rights.

## AS AND FOR A  FOURTEENTH  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
### STATE CLAIM  -  NYS CONSTITUTIONAL VIOLATION

168.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

169.    Defendants subjected plaintiffs to the foregoing conspiracies, acts and omissions to act without due process of law, thereby depriving plaintiffs to their rights, privileges and immunities secured by Article 1, §§1,6,8,9,11 and 12 of the New York State Constitution, including, without limitations, the following deprivations of their rights, privileges and immunities:

   a. Plaintiff were deprived of their rights to speak freely and to petition the government for redress of grievances, in violation of §§8 and 9 of the Constitution of the State of New York;

b. Plaintiffs were deprived of their rights to be free unreasonable seizures of their person; in violation of §12 of the Constitution of the State of New York;

c. Plaintiffs were deprived of their rights to be free from the use of excessive or unreasonable force in the course of an unlawful seizure, in violation of §12 of the Constitution of the State of New York;

d. Plaintiffs were deprived of their rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

170.    As a result of the defendants' conduct, plaintiffs were deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and were otherwise harmed, damaged and injured.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
## STATE CLAIM – VICARIOUS LIABILITY

171.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

172.    Each and everyone of the defendants, and other unidentified defendants, a group of police officers herein, have agreed to knowingly falsified records and testify falsely in order to cover up truth of the unconstitutional conduct and unlawful acts committed by defendants herein.

173.    All defendant officers engaging in their group falsification of facts are vicariously liable for the underlying wrongful conduct.

174.    As a result of said group falsification, cover up, the plaintiffs have sustained emotional, physical injuries, mental suffering, humiliation, economic harm, embarrassment and otherwise harmed, and damaged and injured.

**WHEREFORE**, the plaintiffs demand the following relief jointly and severally against all of the defendants:

A.    Compensatory and Punitive damages as awarded by a jury;

B.    Costs, fees and expenses;

C.    Compensation on all State Claim beyond the Statutory limit

D.    Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated:    Queens, New York
          December 4th, 2024

Yours, etc.,

*Edward Zaloba*

EDWARD ZALOBA, Esq.
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000
Ezalobalaw@aol.com

GARNETT H. SULLIVAN, ESQ.
of counsel
1080 Grand Avenue, Suite 200
South Hempstead, New York 11550
(516)285-1575